UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No. 6:24-CV-00301

Agustin SIERRA VARGAS, individually,
Yuli Andrea BOLIVAR TORO, individually, and
Maximiliano SIERRA LONDONO, individually,

        Plaintiffs,
v.

ATTORNEY GENERAL OF THE UNITED STATES,
Merrick B. Garland, in his official capacity;
SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
Alejandro Mayorkas, in his official capacity;
DIRECTOR OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
Ur M. Jaddou, in her official capacity;
DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION,
Christopher Wray, in his official capacity;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
an agency of the United States;
UNITED STATES DEPARTMENT OF JUSTICE,
an agency of the United States;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
an agency of the United States;
FEDERAL BUREAU OF INVESTIGATION,
an agency of the United States; and
THE UNITED STATES OF AMERICA,

        Defendants.
_____/

**COMPLAINT FOR WRIT OF MANDAMUS, DECLARATORY, AND OTHER RELIEF**

    COME NOW THE PLAINTIFF, individually, by and through his undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1361, 2201-2202 (2023) and 5 U.S.C. § 702 et seq., (2023) and file this complaint for a writ of mandamus, Administrative Procedures Act, and declaratory relief against the named defendants. In support thereof, Plaintiff respectfully submits as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs seek through this action to compel Defendants and those acting under them to take all appropriate action to complete the adjudication of the Form I-526 Immigrant Petition filed by Plaintiff Agustin SIERRA VARGAS ("SIERRA VARGAS") without further delay.

2. SIERRA VARGAS is a Colombian investor-entrepreneur who invested over $500,000.00 (Five Hundred Thousand and 00/100 U.S. Dollars) in the United States through the EB-5 Regional Center Program. On 6 December 2017, SIERRA VARGAS filed a Form I-526 Immigrant Petition by Alien Entrepreneur with the United States Citizenship and Immigration Services (USCIS) (hereinafter, the "EB-5 Petition"), providing all supporting documentation as required for the petition. SIERRA VARGAS' Form I-526 petition must be adjudicated before SIERRA VARGAS, his derivative spouse, Plaintiff Yuli Andrea BOLIVAR TORO ("BOLIVAR TORO"), and his derivative adult son, Plaintiff Maximiliano SIERRA LONDONO ("SIERRA LONDONO") are eligible to seek permanent resident status.

3. As of the date of the filing of this Complaint, there has been no decision on SIERRA VARGAS' Form I-526 petition. This application remains within the jurisdiction of Defendants, whose <u>over 61-month delay</u> in adjudicating it is wholly unreasonable and has caused detriment to Plaintiffs in a myriad of ways.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1361 in the nature of mandamus for want of a remedy ("[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

thereof to perform a duty owed to the plaintiff."). In *Patel v. Reno*, 134 F. 3D 929 (9th Cir. 1997), the Ninth Circuit held that there is mandamus jurisdiction to compel a consular officer to render a decision on a visa application.

5. Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

6. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedures Act ("APA"). *Trudeau v.* FTC, 456 F.3fd 178, 185 (D.C. Cir. 2006) (finding that the district courts have jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review a complaint for declaratory and injunctive relief against a federal agency). Defendants DHS and USCIS are subject to the APA, which requires the agencies to carry out their duties within a reasonable time. Section 555(b) provides that '[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it. *See id.* (emphasis added). When a statute is silent as to an actual deadline for a federal agency to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999). As set forth below, the delay in adjudicating SIERRA VARGAS' properly filed immigration application is objectively unreasonable.

7. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) as this is an action against federal agencies and U.S. officers in their official capacity that is brought in the federal district where Plaintiffs reside or where a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

## EXHAUSTION OF REMEDIES

8. Plaintiffs lack any statutory, regulatory, or administrative remedy of mandate for the purposes of 5 U.S.C. § 706(1) and this suit is therefore properly filed and all conditions precedent to the filing of this action have been met. Plaintiffs are owed a duty — the adjudication without unreasonable delay of SIERRA VARGAS' Form I-526 petition, determining the permanency of Plaintiffs' status in the United States. Defendants have unreasonably delayed and failed to adjudicate SIERRA VARGAS' Form I-526 petition for over 5 years, and the adjudication of SIERRA VARGAS and his derivatives' permanent resident applications depends on the adjudication of SIERRA VARGAS' Form I-526 petition. Plaintiffs have no other adequate remedy available to them for the harm they seek to redress — Defendants' failure to issue a decision on SIERRA VARGAS' Form I-526 petition.

## PARTIES

1. Plaintiff SIERRA VARGAS is a native and citizen of Colombia. He currently resides in Orlando, Orange County, Florida, in the Middle District of Florida, and has resided in Orlando, Orange County, Florida, in the Middle District of Florida at times relevant to this Complaint. He is an investor-entrepreneur and, based on his substantial investment of over $500,0000 (Five Hundred Thousand and 00/100 U.S. Dollars) in the United States, filed a Form I-526 Immigrant Petition by Alien Entrepreneur with the United States Citizenship and Immigration Services (USCIS), which has been pending since 30 June 2021. SIERRA VARGAS files this action in his individual capacity and as Next Friend to his minor child, P.W.

2. Plaintiff BOLIVAR TORO is also a native and citizen of Colombia. She currently resides in Orlando, Orange County, Florida, in the Middle District of Florida, and has resided in Orlando,

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

Orange County, Florida, in the Middle District of Florida at times relevant to this Complaint. BOLIVAR TORO is SIERRA VARGAS' wife and is entitled to Lawful Permanent Resident status concurrently with SIERRA VARGAS as his derivative spouse.

3. Plaintiff SIERRA LONDONO is also a native and citizen of Colombia. He currently resides in Orlando, Orange County, Florida, in the Middle District of Florida, and has resided in Orlando, Orange County, Florida, in the Middle District of Florida at times relevant to this Complaint. SIERRA LONDONO is SIERRA VARGAS' adult son and is entitled to Lawful Permanent Resident status concurrently with SIERRA VARGAS as his derivative child.

4. Defendant ATTORNEY GENERAL OF THE UNITED STATES, Merrick B. Garland ("GARLAND"), is sued in his official capacity only. As U.S. Attorney General, GARLAND is charged with interpreting and enforcing the laws governing immigration and naturalization, and in that capacity has final authority over the practices and procedures challenged herein. As United States Attorney General, GARLAND has final authority over Defendant United States Department of Justice as well as the delegation of immigration functions to Defendant United States Department of Homeland Security.

5. Defendant SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Alejandro Mayorkas ("MAYORKAS"), is sued in his individual capacity only. Defendant MAYORKAS was appointed to his position by the President with the advice and consent of the Senate and in the President's chief security officer. As the United States Secretary of Homeland Security, MAYORKAS oversees the operations of the agency tasked with ensuring public safety in the United States.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

6. Defendant DIRECTOR OF THE UNITED STATES IMMIGRATION AND CITIZENSHIP SERVICES, Ur M. Jaddou ("JADDOU") is sued in her official capacity only.  As Director, JADDOU is designated by law to oversee her agency's processing of visa petitions, green card applications, naturalization applications, asylum applications, as well as other adjudicative decisions.

7. Defendant DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION, Christopher Wray ("WRAY"), is sued in his official capacity only.  As FBI Director, WRAY is the head of the federal agency in charge of conducting background checks for foreign nationals in connection with their applications for immigration benefits.

8. Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS) is the federal executive department that oversees public security in the United States, including in the areas of immigration and customs.  DHS operates within this District and is headquartered in Washington, D.C.

9. Defendant UNITED STATES DEPARTMENT OF JUSTICE (the "DOJ") is the federal executive department tasked with the enforcement if federal law and administration of justice in the United States, including in the area of immigration and customs.  The DOJ operates within this District and is headquartered in Washington, D.C.

10. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is a subordinate agency of DHS and it handles the administration of processing of visa petitions, green card applications, naturalization applications, asylum applications, as well as other adjudicative decisions for immigration benefits from within the United States.  USCIS operates within this District and is headquartered in Washington, D.C.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

11. Defendant FEDERAL BUREAU OF INVESTIGATION (the "FBI") is the federal executive agency the agency in charge of conducting background checks for foreign nationals in connection with their applications for immigration benefits. The FBI operates within this District and is headquartered in Washington, D.C.

## FACTUAL ALLEGATIONS

12. Plaintiff SIERRA VARGAS is an investor and entrepreneur who invested over $500,000.00 (Five Hundred Thousand and 000/100 U.S. Dollars) in at-risk capital in Club Trust, LLC (hereinafter, "EB5RC"), an EB-5 Immigrant Investor Regional Center designated by the U.S. Department of Homeland Security (DHS) for participation in USCIS' EB-5 Immigrant Investor Program. EB-5 Immigrant Investor Regional Centers are involved with promoting economic growth in the United States.

13. SIERRA VARGAS' investment was applied is the operation of a vacation club at sites within federally-designated Targeted Employment Areas (TEAs) in the Orlando, Florida area.

14. On 6 December 2017, based on said substantial investment, SIERRA VARGAS filed a Form I-526, Immigrant Petition by Alien Entrepreneur with USCIS, which was assigned Receipt Number WAC-18-900-74878. A true and correct copy of the Form I-526 Receipt Notice is attached hereto as **Exhibit A** and is incorporated herein by reference.

15. SIERRA VARGAS paid a total of $3,675.00 (Three Thousand Six Hundred Seventy-Five and 00/100 U.S. Dollars) to Defendant DHS in government filing fees for the Form I-526 petition.

16. For the duration of time that the subject Form I-526 petition remains pending, the Plaintiffs do not have permanent legal status in the United States.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

17. SIERRA VARGAS invested over $500,000.00 in the United States, to the substantial economic benefit of the United States, with the expectation that his Form I-526 petition be adjudicated within a reasonable time, so that she and his family would be able to live permanently to the United States as Lawful Permanent U.S. Residents.

18. SIERRA VARGAS' decision to make this substantial investment was based, in large part, on his desire to move his family out of his home country of Colombia, where the family was no longer safe. Colombia currently has among the highest murder and violent crime rates in the world. In Colombia, affluent individuals such as Plaintiffs are constant targets for violent robberies and kidnappings.

19. While Defendant USCIS requested additional evidence in connection with SIERRA VARGAS' Form I-526 petition, it has been over 2.5 years since said request was duly and completely responded to by his EB-5 counsel.

20. As of the date of the filing of this Complaint, Plaintiff SIERRA VARGAS has spent over 61 months waiting for his Form I-526 petition to be decided. The permanent resident applications of SIERRA VARGAS and his derivative spouse and child cannot be decided until SIERRA VARGAS' Form I-526 petition is adjudicated.

21. Plaintiffs have been greatly prejudiced by the unfair delay in the processing of SIERRA VARGAS' Form I-526 petition. These prejudices to Plaintiffs include, but are not limited to:

    a. An inability to clearly and easily demonstrate lawful status and employment authorization to potential business partners;

    b. An inability to clearly and easily demonstrate lawful status to law enforcement;

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

    c.  Long delays while travelling internationally or transiting through the United States, as Plaintiffs are referred to Secondary Inspection, where they are forced to wait for hours while United States Customs and Border Protection officers verify their legal immigration status;

    d.  Difficulties in proving legal status when registering for school;

    e.  An inability to access certain scholarship opportunities due to their pending immigration status;

    f.  An inability to access certain investment opportunities due to their pending immigration status;

    g.  An inability to withdraw the EB-5 investment funds; and

    h.  Plaintiffs' uncertainty as to their ultimate ability to remain in the United States, preventing Plaintiffs from making firm plans for their future.

22. As of the date of the filing of this Complaint, Defendant USCIS' Immigrant Investor Program Office lists **56.5 months** as its average estimated processing time for Form I-526 petitions, which Plaintiffs refuse to accept as objectively reasonable. A screen capture of USCIS' online case processing time tool is attached hereto as **Exhibit B** and is incorporated herein by reference.

23. In accordance with 8 C.F.R. 216.6(a)(4), SIERRA VARGAS has provided Defendant USCIS with ample evidence of this eligibility for the approval of his Form I-526 petition, and there is no Request for Evidence pending with USCIS.

24. Plaintiffs have no criminal record anywhere in the world. None of the Plaintiffs are involved in any political activities; none of the Plaintiffs have any civil litigation pending against

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

them in the United States, Colombia, or elsewhere; and none of the Plaintiffs have ever been involved in any environmental litigation, tax claims, or domestic violence disputes in the United States, Colombia, or elsewhere.

25. Plaintiffs file this lawsuit to demand prompt adjudication of SIERRA VARGAS' long-pending Form I-526 petition, so that they can properly plan for their family's future, including making the appropriate living and employment arrangements.

## FIRST CAUSE OF ACTION (Mandamus Act)
## 28 U.S.C. § 1361
## Against all Defendants

26. Plaintiffs bring this action under the Mandamus Act, 28 U.S.C. § 1361 (2024), as to all Defendants.

27. The Mandamus Act provides that the district courts retain original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28. In the present case, SIERRA VARGAS paid a total of $3,6750.00 in government filing fees to Defendant DHS upon filing of his Form I-526 petition, *see* ¶ 15, *supra*, creating a duty in Defendants to complete the adjudication of said petition within a reasonable time.

29. While Plaintiffs concede that they have no right to the approval of their Form I-829 petitions, Defendants owe Plaintiffs a duty to adjudicate their said petitions within a reasonable time.

30. Defendants' delay in rendering a decision on said petitions is unreasonable and Plaintiffs are entitled to mandamus relief to compel Defendants to adjudicate their cases.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

31. Plaintiffs seek a writ of mandamus to compel USCIS to comply with its duty to promptly adjudicate SIERRA VARGAS' Form I-526 petition within 45 days of this Court's order.

## SECOND CAUSE OF ACTION (Administrative Procedures Act)
## 5 U.S.C. § 706

32. The APA provides that any person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. The APA specifically provides relief for a *failure* to act, in that the reviewing court shall compel the agency action that was unlawfully withheld or unreasonably delayed. In the present case, SIERRA VARGAS and his derivative spouse and child have been adversely affected by the Defendants' failure to act. *See* ¶ 21 (a) – (h), *supra*.

33. Defendants' failure to complete the processing of, and adjudicate, SIERRA VARGAS' Form I-526 petition constitutes an unreasonable failure to act in violation of the Administrative Procedures Act and denies the due process to which Plaintiffs are legally entitled.

34. Plaintiffs seek a determination from this Court that Defendants violated the APA in their failure to act, which has adversely affected the Plaintiffs. Plaintiffs further request that this Court exercise its authority under the APA and compel Defendants to complete their processing of the subject Form I-526 petition and render its adjudication.

## THIRD CAUSE OF ACTION (Declaratory Judgment)
## 28 U.S.C. §§ 2201-2202

35. Plaintiffs bring this action for relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (2024), as to Defendants JADDOU, MAYORKAS, DHS, and USCIS.

36. The Declaratory Judgment Act permits federal court litigants to seek a judgment from the district courts to declare an action unconstitutional or illegal. No adequate remedy at law exists

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

for the Plaintiffs.  Plaintiffs have been denied their constitutional due process rights to a prompt adjudication of SIERRA VARGAS' I-526 petition.

37. A government official possesses no official capacity when acting illegally, and such official can thus derive no protection from an unlawful or unconstitutional action.

38. As noted in ¶ 19, *supra*, there is no Request for Evidence pending with Defendant USCIS, nor have Defendants provided an explanation for the delay in response to Plaintiffs' inquiries.  This delay is arbitrary, capricious, an abuse of discretion, or otherwise unlawful.

39. As noted in ¶ 22, *supra*, and in Exhibit B, Defendant USCIS currently reports 56.5 months as its average processing time for Form I-526 petitions, which is objectively unreasonable and is nonetheless less than the 61 months that SIERRA VARGAS' I-526 has been pending.

40. Plaintiffs seek an order from this Court as to Defendants JADDOU, MAYORKAS, DHS, and USCIS, declaring their failure to issue a decision on SIERRA VARGAS' Form I-526 petition to be an unreasonable failure to act in violation of the Administrative Procedures Act.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court grant them the following relief:

A. Order Defendants to adjudicate SIERRA VARGAS' Form I-526petition on or before 45 days from **the issuance of this Court's order, or within a reasonable period of time as determined by the Court.**

B. Retain jurisdiction during the adjudication of said petitions in order to secure compliance with the Court's orders.

C. Award reasonable costs and attorney's fees to Plaintiffs; and

D. Grant other such relief as the Court may deem just and proper.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

Case 6:24-cv-00301-ACC-EJK   Document 1   Filed 02/11/24   Page 13 of 13 PageID 13

Respectfully submitted,

/s/ *Kristin Figueroa-Contreras*

_____

Kristin D. Figueroa-Contreras, Esq., B.C.S.
Board Certified in Immigration & Nationality Law
Florida Bar No. 643394
FIGUEROA-CONTRERAS LAW GROUP, PLLC
2030 S. Douglas Road, Suite 204
Coral Gables, FL 33134
Telephone: 305-639-8599
Facsimile: 305-397-1384
E-mail: kristy@figueroa-law.com
Counsel for Plaintiffs

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*